```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION


ZACHARY LANGENDORFER,         :
                              :
          Plaintiff,          :    NO:  1:10-CV-00797
                              :
     v.                       :
                              :    OPINION AND ORDER
WILLIAM ROBERT KAUFMAN,       :
et al.,                       :
                              :
          Defendants.         :
```

This matter is before the Court on Defendants' Motion to Dismiss (doc. 9), Plaintiff's Response in Opposition (doc. 10), Defendants' Reply (doc. 11), Plaintiff's Notice of Supplemental Authority (doc. 13), and Defendants' Response to Plaintiff's Supplemental Authority (doc. 16). The Court held a hearing on this matter on August 9, 2011. For the reasons indicated herein, the Court DENIES Defendants' motion.

**I. Background**

Plaintiff defaulted on a car loan that he took out in 2005 (doc. 9). His car was repossessed and sold, leaving a balance on the promissory note (Id.). So as to collect on the balance due, Defendants, an attorney and a law firm, brought a debt collection action in Warren County, Ohio, on February 19, 2009, seeking $6,547.11 plus costs (Id.).

At the hearing, and in their briefing, Defendants emphasized that they made several attempts through the course of 2009 to serve Plaintiff by certified mail, but each time the mail

returned unclaimed (docs. 9, 11). Defendants tried again three more times in early 2010, and finally a letter served by regular mail on March 10, 2010, did not return unclaimed (Id.).

Defendants moved for default judgment in the Lebanon Municipal Court, which they obtained on June 4, 2010 (doc. 9). In the Order granting default judgment, the court found Plaintiff had been served as of March 10, 2010 (doc. 10).

Having obtained default judgment, Defendants moved for a debtor exam (Id.). The Warren County Court granted the motion for debtor exam on July 2, 2010 (Id.). On the same date, Defendants moved for the appointment of a special process server, which the Court granted (Id.). Regardless of the fact that Defendants' complaint appears to have been served in March 2010, Plaintiff contends he nonetheless did not learn of Defendants' debt-collection action against him until he was personally served by the process server on August 1, 2010 regarding the debtor exam (Id.).

Plaintiff's loan contract was executed in Clermont County, Ohio, and Plaintiff has resided in Clermont County at all times relevant to this case (Id.). As such, Plaintiff contends there is no real dispute that Defendants improperly filed their collection action in the wrong county, which is a violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §

2

1692i(a)(2)[1].  Plaintiff filed the instant Complaint on November 12, 2010, alleging Defendants violated the FDCPA as to himself, as well as a class of other individuals which he defines as:

> All individuals who have been sued on a consumer debt by one of the Defendants or any of their agents or employees in a jurisdiction which is neither the county in which he or she resided at the time the suit was filed nor in the county in which the contract sued upon, if any, was signed.

(doc. 1).  Plaintiff also alleges that Defendants' actions amount to a violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. (Id.).

Defendants filed their motion to dismiss contending that Plaintiff failed to file his FDCPA claim within the applicable one-year statute of limitations under 15 U.S.C. § 1692(d) (doc. 9).  In their view, Plaintiff's federal claim is therefore time-barred, and the Court should therefore dismiss it, as well as Plaintiff's state law claim, because the Court should not exercise jurisdiction over the state law claim in absence of a federal claim (Id.).  The parties have decidedly different views about what triggers the

---

[1] "Any debt collector who brings any legal action on a debt against any consumer shall . . .bring such action only in a judicial district. . .in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i(a).  Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  In enacting the venue provision, Congress was concerned about consumers having to defend against suits in "distant or inconvenient" courts.  S. Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

3

FDCPA statute of limitations: whether the filing of the action or service upon the debtor, whether Plaintiff's Complaint includes continuing violations of the FDCPA which could fall within the statute of limitations, and whether the "discovery rule" is applicable (docs. 9, 10, 11). Although the question of when the FDCPA statute of limitations is triggered appears to be unsettled in this district, both parties cite to precedent in support of their respective positions(Id.).

In Plaintiff's view, he filed this case 1) eight months after the FDCPA Complaint was served on him, March 10, 2010; 2) four months after Defendants took post-judgment action to collect the debt; 3) six months after the entry of default judgment; and 4) three months after Plaintiff first actually became aware of the debt collection action against him (doc. 10). In Defendants' view, none of the dates cited by Plaintiff matter, because the FDCPA requires that Plaintiff bring his action within one year of when the violation occurs (doc. 11). In Defendants' view, the violation occurred when they initially filed their action against Plaintiff on February 19, 2009. As such, Defendants claim the statute of limitations ran on February 19, 2010, some nine months before Plaintiff filed his Complaint.

II. Discussion

The basic issue before the Court is whether Plaintiff filed his FDCPA claim in a timely manner, before the one-year

statute of limitations of the statute had expired. Most of the argument at the hearing centered on the parties' dispute over whether the original <u>filing</u> of the collection action, or whether the <u>service</u> of such action on the debtor, tolls the statute of limitations. However, Plaintiff also raises a "continuing violations" theory, taking the position that should the Court find that the original filing of the action is the trigger, Defendants' further actions in pursuing the collection action "refreshed" the statute of limitations. Third, the parties dispute whether a general discovery rule applies in an FDCPA claim, under which the statute of limitations period begins to run when the debtor knows or has reason to know of a violation of the act. Finally, in Defendants' Reply, they raise public policy considerations, that are balanced against Plaintiff's arguments at the hearing. The Court will address each of these theories and arguments, seriatum.

### A. Filing versus Service

After reviewing the parties' arguments, it is clear to this Court that other courts have come to different conclusions as to whether the FDCPA statute of limitations is triggered by the filing of the debt collection action or the service of such action (<u>See</u> e.g., <u>Beeler-Lopez v. Dodeka, LLC,</u> 711 F.Supp. 2d 679, 681-682 (E.D. Tex. 2010)(to "bring an action" means to sue or institute legal proceedings); <u>Oglesby v. Rotche</u>, No. 93 C 4183, 1993 U.S. Dist. LEXIS 15687, *31 (N.D. Ill., November 5, 1993)(the FDCPA venue provision is in the nature of a statutory tort which is

5

completed upon the filing of an action in an improper venue), but see, Johnson v. Riddle, 305 F.3d 1107, 1113-15 (10th Cir. 2002) (rejecting argument that FDCPA violation occurred upon filing rather than service, finding that filing is merely "half an actionable wrong"); Zigdon v. LVNV Funding, LLC, No. 1:09-CV-0050, 2010 U.S. Dist. LEXIS 53813, at *31 (N.D. Ohio, April 23, 2010)(finding FDCPA statute of limitations began to run at the time of service); Ruth v. Unifund CCR Partners, No. 5:08-CV-2689, 2009 U.S. Dist. LEXIS 17362, *14 (N.D. Ohio, March 6, 2009)(noting that courts are split, and the Sixth Circuit has never addressed the issue)). Moreover, the Court finds Plaintiffs' position correct that the only cases in the Southern District of Ohio to address the issue, have done so only obliquely or in dicta (doc. 10, citing Ison v. Javitch, Block & Rathbone, LLP, No. 1:04-CV-846, 2007 U.S. Dist. LEXIS 68970, *20-21 (S.D. Ohio, September 18, 2007) (J. Barrett); James v. Guaranteed Rate, Inc., No. 1:09-CV-038, 2009 U.S. Dist. LEXIS 128171, *18, fn.4 (S.D. Ohio, March 16, 2009).

Although Defendants argue that none of the FDCPA cases cited by Plaintiff in support of his position involve the specific FDCPA venue provision, the Court is at a loss to understand why such specificity is necessary. The one-year FDCPA statute of limitations applies to "any liability created by this title," 15 U.S.C. § 1692k, and there is no indication Congress intended for specific provisions of the FDCPA to be subject to different tolling triggers.

The Court finds the Tenth Circuit's reasoning in Johnson v. Riddle, 305 F.3d 1107 correct that the FDCPA statute of limitations begins to run at the time of service. Such conclusion comports with the simple principle that due process requires notice. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated. . .to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

The Court's conclusion is reinforced by the facts of this case: the timeline, as demonstrated by Plaintiff at the hearing, shows that should filing of the underlying collection action on February 19, 2009, start the statute of limitations, time would have run out before Plaintiff was ever even served on March 10, 2010. Under these circumstances, Plaintiff would have been denied any remedy to the alleged violation of his rights under the FDCPA. As indicated by the Southern District of Florida, "From a practical and fairness-oriented standpoint . . . the contrary view- that the statute of limitations runs from the filing of the debt collection lawsuit . . .regardless of the debtor's knowledge . . .would encourage unscrupulous debt collectors to hide their lawsuit from debtors and thereby shield themselves from liability under the Act." Andrade v. Erin Capital Mgmt LLC, No. 09-21186, 2010 U.S. Dist. LEXIS 50685, *4-5 (S.D. Fla. May 17, 2010). Such a result

7

would not comport with the interests of justice or the principles of due process. Accordingly, the Court finds that the FDCPA statute of limitations was triggered in this case by service on Plaintiff, on March 10, 2010, such that this action was timely filed on November 12, 2010.

### B. Continuing Violations Theory

Plaintiff contends that under Purnell v. Arrow Financial Services, LCC, No. 07-1903, 2008 U.S. App. LEXIS 25488 *10 (6th Cir., December 16, 2008), he has alleged continuing violations by Defendant beyond the original improper venue, such that even should the Court reject his position that service triggers the statute of limitations, Defendants' conduct in pursuing the collection action falls within the statute of limitations. Defendants argue in opposition that Purnell requires that any continuing violations be discrete violations of the FDCPA, not simply the pursuit of litigation (doc. 11, citing Beeler-Lopez v. Dodeka, 711 F.Supp.2d at 682 ("any violation of the FDCPA's venue provision occurs when the suit is brought. . . merely continuing to pursue the action is not a violation"), and Ruth v. Unifund CCR Partners, 2009 U.S. Dist. LEXIS 17362 *36 ("The course of litigation is not, in itself, a continuing violation of the FDCPA.")).

Having reviewed this matter, the Court finds that in the context of a FDCPA venue violation, the pursuit of litigation could indeed serve as a "continuing violation" of the statute. The Court has reviewed Defendants' cited authority to the contrary, but none

8

of it involves an initial violation of the venue provision. This is an important distinction, because the whole point of the venue provision is to protect consumers from being summoned to a jurisdiction far from their residence or far from where they entered into the contract. As such, being forced to defend a collection action in a different venue is the very wrong the statute intends to prevent and address. Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1515 (9th Cir. 1994)(finding no indication that Congress intended to exclude enforcement actions, entailing the same concerns as initial adjudications, from the FDCPA venue provision). This Court concludes, therefore, that the pursuit of litigation, in this case, the seeking of default judgment and the motion for a debtor exam, took place in an improper venue. Defendants' alleged actions were therefore "tainted," and constituted more than simply a generic pursuit of litigation. Such actions were discrete continuing violations of the statute that each independently tolled the statute of limitations.

### C. General Discovery Rule

Under a general "discovery rule," the statute of limitations remains untolled until the injured party discovers the tort. Defendants contend that where a statute does not include an express "discovery rule," courts are prohibited from implying such a rule (doc. 9, citing TRW Inc. v. Andrews, 534 U.S. 19, 27-8 (2001)).

9

The Court does not read such a prohibition in TRW. In TRW, the Supreme Court, although stating it had "not adopted the position," noted that the federal courts "generally apply a discovery accrual rule when a statute is silent on the issue." 534 U.S. at 27, quoting Rotella v. Wood, 528 U.S. at 555 (2000). As Plaintiff correctly contends (doc. 10), the TRW case did not involve the FDCPA, but rather the Fair Debt Reporting Act, 15 U.S.C. § 1681 et seq., a statute that does manifest Congressional intent to preclude judicial implication of a discovery rule. As such, this Court agrees with the Northern District of Illinois, which found that TRW does not foreclose a general discovery rule to FDCPA cases. Greenfield v. Kluever and Platt, LLC., No. 09 C 3576, 2010 U.S. Dist. LEXIS 13906, *4 (N.D. Ill., Feb. 16, 2010); see also Andrade, 2010 U.S. Dist. LEXIS 50685, (S.D. Fla. May 17, 2010).

### D.  Public Policy

As a final matter, the Court notes that Defendants suggested at the hearing that the law should not permit a debtor who evades service for a year to challenge their collection practices under the FDCPA. However, the Court stated at the hearing, and reiterates, that there is no evidence in the record that Plaintiff here evaded service. Indeed, Defendants could not even identify at what exact address the car was repossessed. There are a host of reasons why it might be difficult to serve a debtor with notice, and it is unfair to imply that a hard-to-find debtor

10

whose mail returns unclaimed is necessarily evading service.

The greater public policy consideration, in the Court's view, is that should Defendants' "filing rule" apply, it would be unfair for Defendants to allow the FDCPA statute of limitations to run before Plaintiff had any notice that he was being sued. The Court squarely rejects such position.

### III. Conclusion

The Court concludes that Plaintiff timely filed his Complaint in this matter within the applicable one-year statute of limitations because he was served with Defendants' collection action well within such one-year period. Moreover, Defendants' subsequent actions constituted continuing violations, each of which fell within the statute of limitations. Finally the Court finds the discovery rule applicable, and that public policy interests further weigh in the favor of such conclusion. Because the FDCPA action survives, so does Plaintiff's state law claim pursuant to the Ohio Consumer Sales Practices Act.

Accordingly, the Court DENIES Defendants' Motion to Dismiss (doc. 9).


SO ORDERED.


Dated: August 23, 2011        s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

11